## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

ARDELL LEVERT JENKINS,                                Case No. 18-CV-0208 (ADM/DTS)

              Plaintiff,

v.

FARGO POLICE DEPARTMENT; UNKNOWN
FEMALE OFFICER; and UNKNOWN MALE
OFFICERS,

              Defendants.

ARDELL LEVERT JENKINS,                                Case No. 18-CV-0209 (ADM/DTS)

              Plaintiff,

v.

CHANDA JACKSON and JENNIFER KIM PAGE,

              Defendants.

ARDELL LEVERT JENKINS,                                Case No. 18-CV-0210 (ADM/DTS)

              Plaintiff,

v.

DETECTIVE GRESS,

              Defendant.

ARDELL LEVERT JENKINS,                                Case No. 18-CV-0211 (ADM/DTS)

              Plaintiff,

v.

MINNEAPOLIS POLICE OFFICERS,

              Defendants.

ARDELL LEVERT JENKINS,                          Case No. 18-CV-0212 (ADM/DTS)

                Plaintiff,

v.

JUDGE HERMAN DOUGLAS,

                Defendant.

ARDELL LEVERT JENKINS,                          Case No. 18-CV-0213 (ADM/DTS)

                Plaintiff,

v.

JUDGE BAILEY,

                Defendant.

ARDELL LEVERT JENKINS,                          Case No. 18-CV-0214 (ADM/DTS)

                Plaintiff,

v.

J. HANSON; J. SHICK; K. KRAFT; B. BOWDEN; E.
CEDIO; J. PHILLIPS; KITCHEN STAFF; JAKE
MURRAY; M. KASPRICK; and CAWEN,

                Defendants.

ARDELL L. JENKINS,                              Case No. 18-CV-0215 (ADM/DTS)

                Plaintiff,

v.

JUSTIN ROBERTS and CLAY COUNTY SHERIFF
DEPARTMENT,

                Defendants.

ARDELL LEVERT JENKINS,                          Case No. 18-CV-0216 (ADM/DTS)

                        Plaintiff,

v.

GERALD GREENBERRY,                              **ORDER**

                        Defendant.

Plaintiff Ardell Levert Jenkins, a prisoner at the Cass County Jail in Fargo, North Dakota, recently filed nine lawsuits in this District. Jenkins did not pay the filing fee for any of these lawsuits, but instead applied for leave to proceed *in forma pauperis* ("IFP"). *See* ECF No. 2. Jenkins's IFP applications are now before the Court and must be addressed before any other action is taken in these matters.

Because Jenkins is a prisoner,[1] his IFP applications are subject to the requirements of 28 U.S.C. § 1915(b). This statute provides that:

> (1) Notwithstanding subsection (a), if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of
>
> > (A) the average monthly deposits to the prisoner's account; or

---

[1]    The inmate register of the Cass County Jail records that Jenkins is currently detained pending criminal charges in North Dakota state court. Because Jenkins is a "person incarcerated or detained in any facility who is accused of . . . violations of criminal law," he is a prisoner as that term is defined by 28 U.S.C. § 1915(h).

(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . . .

(2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

(3) In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action . . . .

(4) In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

According to this statute — which is part of the Prison Litigation Reform Act of 1995 ("PLRA") — prisoners who are granted IFP status are *not* excused from paying the court filing fee altogether, as is the case for non-prisoner IFP litigants. Instead, a prisoner who is granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time."). Section 1915(b)(1) requires prisoner IFP applicants to pay an initial partial filing fee at the outset of the case, and § 1915(b)(2) requires that the remaining balance be paid in installments through regular deductions from the prisoner's trust account.

Unfortunately, the IFP application submitted by Jenkins in conjunction with these lawsuits does not contain information regarding the deposits to, and balance of, Jenkins's jail trust account. This Court therefore cannot calculate the initial partial filing fee owed by Jenkins

before he may prosecute these actions. These lawsuits cannot go forward until Jenkins either (1) submits information regarding the deposits to and balance of his jail trust account over the six months prior to filing these actions,[2] as required by § 1915(b); or (2) elects to forego IFP status and pays the complete $400.00 filing fee for each action. Jenkins must do so within 20 days of the date of this order, failing which it will be recommended that these actions be dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

This Court also offers three warnings to Jenkins:

First, if Jenkins elects to pursue these actions, the entirety of the statutory filing fee will have to be paid, whether up front or (if Jenkins proceeds IFP) in installments over time.[3] Prison and jail officials will be ordered to deduct funds from Jenkins's trust account and submit such funds to the Court, as provided by § 1915(b)(2), regardless of whether Jenkins succeeds in this action. And each new lawsuit filed and prosecuted by Jenkins will leave him responsible for yet another filing fee.

---

[2]    The website for the Cass County Jail explains that inmate spending accounts are made available to detainees at that facility; information regarding the deposits to and balance of Jenkins's inmate spending account over the relevant period will suffice to satisfy this order. If Jenkins has been detained for fewer than six months, he may submit financial information dating from the date on which he was first incarcerated. Jail officials are reminded of their obligation to assist Jenkins in obtaining "a certified copy of the trust fund account statement (or institutional equivalent) . . . ." 28 U.S.C. § 1915(a)(2).

[3]    The statutory filing fee for new actions commenced in a federal district court is $350.00. 28 U.S.C. § 1914(a). On May 1, 2013, the district courts began to assess an additional $50.00 administrative fee, raising the total fee to $400.00. The PLRA, however, applies only to the statutory filing fee. Thus, if proceeding IFP, Jenkins will be required to pay the unpaid balance of the $350.00 statutory filing fee    not the $400.00 total fee    in installments pursuant to § 1915(b)(2). If not proceeding IFP, Jenkins will be responsible for the entire $400.00 filing fee.

Second, all complaints "in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" must be screened pursuant to 28 U.S.C. § 1915A.  If any complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief," that complaint will be dismissed at the outset of the case.  28 U.S.C. § 1915A(b).  And again, as previously warned, Jenkins will remain responsible for the statutory filing fee owed in that case, notwithstanding the immediate dismissal.

Third, under 28 U.S.C. § 1915(g),

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Put another way, if any two[4] of these nine lawsuits are dismissed on account of being frivolous, malicious, or failing to state a claim on which relief may be granted, Jenkins will no longer be eligible to proceed IFP in federal court while a prisoner unless he is under imminent danger of serious physical injury.

In short, Jenkins will be responsible for paying the filing fee in each action that he elects to prosecute, and the unsuccessful prosecution of these actions may result in Jenkins becoming

---

[4]     Jenkins has already incurred one "strike" under § 1915(g).  *See Jenkins v. Atkinson*, No. 5:14-ct-03227-FL (E.D.N.C. dismissed May 11, 2015) (dismissal of action both as frivolous and for failure to state a claim on which relief may be granted).

ineligible for IFP status in the future.  Jenkins therefore should seriously consider whether it is in his best interest to proceed in each of these matters at this time.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Within 20 days of the date of this order, plaintiff Ardell Levert Jenkins must either (1) submit financial information regarding the deposits to and balance of his jail trust account, as required by 28 U.S.C. § 1915(b); or (2) elect to forego IFP status and pay the complete $400.00 filing fee for each action.

2. Should Jenkins fail to submit the necessary financial information or pay the $400.00 filing fee for these actions, it will be recommended that these actions be dismissed without prejudice for failure to prosecute.

Dated: February 7, 2018

*s/ David T. Schultz*
David T. Schultz
United States Magistrate Judge