UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ARDELL LEVERT JENKINS, | Case No. 18-CV-0211 (ADM/DTS) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| MINNEAPOLIS POLICE OFFICERS, | |
| Defendants. | |

Plaintiff Ardell Levert Jenkins did not pay the filing fee for this action, but instead applied for *in forma pauperis* ("IFP") status. Because Jenkins was a prisoner at the time he initiated this case, he was ordered to pay an initial partial filing fee before proceeding. *See* ECF No. 9 (citing 28 U.S.C. § 1915(b)). Jenkins has since paid that fee, and his IFP application is now again before the Court for review.

Upon review, this Court concludes that Jenkins qualifies financially for IFP status. That said, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the

1

speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Though pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Jenkins alleges that, prior to his incarceration, he was attacked and robbed outside a grocery store. *See* Compl. at 1 [ECF No. 1]. After the attack, Jenkins called the Minneapolis Police Department, but "was hung up on." *Id*. After calling again, he was told that police officers were outside the store. *Id*. Those officers, however, refused to arrest the individuals whom Jenkins had accused of attacking him. *Id*. at 1-2. Based on those factual allegations, Jenkins seeks unspecified compensatory relief.

The complaint fails to state a claim on which relief may be granted.[1] Jenkins does not allege that the police affirmatively failed to protect him, which is just as well, because "[t]he police do not have an enforceable constitutional duty to protect anyone, including people whose affairs they have become involved with, unless they are in custody (or some similar 'special relationship' with the state) or the state affirmatively put them in danger." *Oxford v. Madison County Sheriff's Office*, 705 Fed. App'x 474, 474 (8th Cir. 2017) (per curiam). Rather, Jenkins alleges that the police violated his rights by failing to

---

[1] Jenkins does not specify any particular cause of action in his complaint, though he does state that he "would like to file charges such as robbery, attempt[t] of murder, emotional distress." Compl. at 1. Jenkins cannot pursue *criminal* charges of his own accord. To the extent Jenkins seeks relief under analogous state tort law, he has not established that the Court has jurisdiction over such claims, as explained below.

arrest known wrongdoers.  But neither is there a federal statutory or constitutional right to arrest that may generally be invoked by victims.[2]  *See, e.g.*, *Mayrides v. Delaware County Comm'rs*, No. 2:08-CV-535, 2009 WL 3671964, at *3-4 (S.D. Ohio Nov. 3, 2009).  Put simply, nothing alleged in the complaint amounts to a violation of Jenkins's federal rights.

Original jurisdiction for this action is premised on 28 U.S.C. § 1331, *see* Compl, at 1, which provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Jenkins has not adequately alleged a basis for original jurisdiction over any *state*-law causes of action — for example, he has not alleged that diversity of jurisdiction exists between the parties. *See* 28 U.S.C. § 1332(a).  And the Eighth Circuit has instructed district courts to not exercise supplemental jurisdiction over state-law claims where all federal claims are dismissed prior to trial.  *See Hervey v. County of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008).  This Court therefore declines to consider whether any state-law causes of action might be available to Jenkins on the facts pleaded.

Accordingly, the Court recommends that this action be dismissed without prejudice and that Jenkins's application to proceed IFP be denied.

---

[2] Jenkins does not allege that the police officers who refused to arrest the individuals accused of assailing him declined to act due to discriminatory animus or another discriminatory motive.  *See Parkhurst v. Tabor*, 569 F.3d 861, 866 (8th Cir. 2009).

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This action be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The application to proceed *in forma pauperis* of plaintiff Ardell Levert Jenkins [ECF No. 2] be DENIED.

Dated:    May 29, 2018

*s/ David T. Schultz*
David T. Schultz
United States Magistrate Judge

**NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).